UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**WORLD FUEL SERVICES TRADING, DMCC,**
**d/b/a BUNKERFUELS,**

                      **Plaintiff,**

v.                                                                                       **Civil Action No. 2:13cv173**

**M/V HEBEI SHIJIAZHUANG,**
**her engines, tackle, equipment, appurtenances, etc.,**
*in rem,*

                      **Defendant.**

**MEMORANDUM IN SUPPORT OF CLAIMANT'S MOTION TO STRIKE**
**THE DECLARATIONS OF JOS HEIJMAN AND PARIS KARAMITSIOS FROM**
**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Claimant, Hebei Prince Shipping Co., Ltd. ("Prince"), by counsel, having made a restricted appearance under Fed. R. Civ. P. Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture, Rule E (8), for its Memorandum in Support of its Motion to Strike the Declarations of Jos Heijman and Paris Karamitsios from Plaintiff's reply in support of its motion for summary judgment, states as follows:

**PRELIMINARY STATEMENT**

This matter stems from Plaintiff's Supplemental Admiralty Rule C arrest of Prince's vessel, M/V HEBEl SHIJIAZHUANG. The alleged basis of Plaintiff's complaint is that the vessel's charterer, Tramp Maritime Enterprises Ltd. ("TME"), had entered into a contract with Plaintiff whereby bunkers were provided to the Vessel while it was berthed in Khor Fakkan, United Arab Emirates. Plaintiff alleges that TME has failed to pay for the bunkers, and that the vessel and its owners are responsible for payment to Plaintiff. After the U.S. Marshal arrested

the vessel, Prince filed a restricted appearance under Rule E(8) and provided substitute security for the Vessel in the form of a cash bond in the amount of $850,000.00. DE # 10.

On December 17, 2013 - just 6 days after the Court allowed substitution of undersigned counsel in this case - Plaintiff filed its Motion for Summary Judgment. D.E. # 29. Prince filed its opposition on January 15, 2014. D.E. # 38.[1] In its opposition, Prince identified numerous factual assertions made by Plaintiff that Prince believed were material and disputed. Thereafter, on February 6, 2014, Plaintiff, filed its reply brief. D.E. #48. Attached as Exhibit 2 to its brief was a declaration from Jos Heijman, the Senior Vice President of Credit and Risk Management for World Fuel Services Corporation. He is a resident of the Netherlands. *See*, D.E. #48-2, at ¶¶1-2. Exhibit 1 to Plaintiff's reply is a declaration of Paris Karamitsios, a Greek attorney, in which he made numerous factual statements concerning the case. *See*, D.E. #48-1. Throughout Mr. Heijman's and Mr. Karamitsios' declarations are numerous new factual allegations that were not raised in DMCC's original brief in support of its motion for summary judgment.

Because nearly all the facts contained in their declarations were not presented with DMCC's motion for summary judgment, Prince has been unfairly denied the opportunity to respond. Accordingly, the declarations should be stricken and not considered by the Court.

## ARGUMENT

Rule 6(c)(2) of the Federal Rules of Civil Procedure provides that "any affidavit supporting a motion must be served with the motion." Fed. R. Civ. P. 6(c)(2). While courts have, under some circumstances, allowed affidavits or declarations to be filed with a reply, several courts have ruled that when a party introduces new evidence for the first time in a reply brief, "the district court should not consider the new evidence without giving the [opposing party] an opportunity to respond." *Black v. TIC Investment Corp.*, 900 F.2d 112, 116 (7th Cir. 1990).

---

[1] On January 16, 2014 Prince submitted a corrected memorandum. D.E. # 39.

In *Cont'l Tire North Am., Inc. v. Transp. Solutions, Inc.*, 2007 U.S. Dist. LEXIS 89066 (W.D.N.C. 2007), the district court struck a supplemental declaration filed with a reply brief in support of a motion for summary judgment because the nonmoving party was deprived "of an opportunity to respond to [the] new allegations" in the supplemental declaration. *Id.* at *20. The court rejected an argument that the supplemental declaration was necessary to correct an inaccurate factual assertion made in the original brief. The court reasoned, "such an argument gives to movant no more opportunity to offer new affidavits than a party would have a right to offer new evidence after closing arguments at trial just because the attorneys did not know what inferences his opponent would argue." *Id.* at *21. This is precisely what DMCC is trying to accomplish with Mr. Heijman's and Mr. Karamitsios' declarations. They are attempting to bolster their earlier arguments with additional factual assertions that otherwise could have been made in their opening brief.

Among the new facts raised for the first time in Mr. Heijman's declaration, DMCC now avers that Aristides Vogas, an employee of Bunkerfuels Hellas who received the bunker order in question in this case, was also acting as an authorized agent for DMCC. *Id.* at p. 3, ¶13. Mr. Heijman further alleges, for the first time, that "[c]ontracts entered into by Mr. Vogas on behalf of and for World Fuel Services Trading, DMCC are binding and enforceable upon World Fuel Services Trading, DMCC. *Id.* at p. 3, ¶16. Mr. Heijman also avers new facts regarding the method by which bunker orders are transmitted, and the way that credit checks are performed. *Id.* at p. 2 ¶10.

Additionally, Mr. Heijman's declaration contains a host of new facts concerning the allegedly applicable terms and conditions. Specifically, Mr. Heijman contradicts DMCC's previous assertion that the bunker confirmation provided the web address where the terms and

conditions could be accessed. *See*, D.E. #30, p. 3 ¶¶11, 13. Instead, Mr. Heijman asserts that the terms and conditions are accessible through "two clicks" from the website provided on the bunker confirmation. D.E. #48-2 at p.4 ¶¶18-19.

In addition to the new factual allegations set forth in the Heijman declaration, the declaration of Paris Karamitsios avers many other factual matters that are not supported by the evidence and are incorrect. For example, Mr. Karamitsios states as fact that the seller of the bunkers was DMCC, and that an agent of TME emailed the Athens office of WFS to order bunkers. These factual assertions are either contested or explicitly contradicted by the record in this case. Specifically, by Mr. Heijman's own deposition testimony, the email sent by TME to Bunkerfuels Hellas was a request for pricing, not an order. *See*, Excerpt of Deposition of Jos Heijman, dated February 17, 2014, p. 79:4-11, attached hereto as Exhibit 1. Moreover, Mr. Karamitsios' declaration appears to improperly treat DMCC and Bunkerfuels Hellas as the same entity, when the record in this case makes it clear that they are two distinct corporate entities. By filing additional declarations in its reply brief, Plaintiff implicitly acknowledges the numerous issues of material fact concerning its case theories, thereby demonstrating that it is not entitled to summary judgment. Prince has been deprived the opportunity to respond to these new factual allegations contained in declarations of Mr. Heijman's and Mr. Karamitsios. Accordingly, such evidence should be ignored.

This Court has recognized the inherent unfairness of allowing a party to adduce evidence out of turn in *MercExchange v. eBay, Inc.*, 467 F. Supp. 2d 608 (E.D.Va. 2006). Even though the case itself dealt with the question of reopening evidence after remand, this Court has cited *Black*, *supra*, approvingly for the proposition that a district court should not consider evidence first raised in a reply brief if the other party has not had a chance to respond. *MercExchange*, 467 F.

Supp. 2d at 617 (citing *Black v. TIC Investment Corp.*, 900 F.2d 112, 116 (7th Cir. 1990)). This Court called it a "fundamental principle of our jurisprudence." *Id.* Because Prince did not have the opportunity to respond to the new facts raised by the Heijman declaration, this Court should strike the new facts raised in the declarations of Mr. Heijman's and Mr. Karamitsios. These are facts that, under the federal rules, must have been raised in DMCC's opening brief. Such facts were not uncovered during the discovery process; instead, they are facts DMCC has known about since this case's inception. DMCC had the opportunity to present facts regarding the corporate relationship between Bunkerfuels Hellas and DMCC and regarding the precise location of the terms and conditions in its opening brief. In *Continental Tire*, the district court struck a declaration precisely because, as in this case, "the Supplemental Declaration asserted new facts which [the moving party] raised for the first time in its reply brief. Such facts could have and should have been raised by [the moving party's] original motion." 2007 U.S. Dist. LEXIS 89066, at *20.

Additionally, Mr. Karamitsios expresses an opinion in his declaration regarding the customary practice of marine fuel suppliers of publishing their terms and conditions on their corporate websites. Mr. Karamitsios has not been qualified in any way to opine as to the customs and practices of international bunker suppliers. Mr. Karamitsios does not purport to be an expert in such matters. His declaration does not lay any foundation to support his expressing the gratuitous opinion. D.E. #48-1, p. 6. Accordingly, any opinion by Mr. Karamitsios concerning customary practice of marine fuel sellers should be stricken and not considered by the Court.

Finally, Mr. Heijman lacks personal knowledge of the new facts averred in his declaration. Mr. Heijman is neither an employee of Bunkerfuels Hellas or DMCC, nor was he involved in the transaction at issue in this case. He therefore cannot have the requisite personal

knowledge required to support the factual contentions of his declaration. As Plaintiff's designated Rule 30(b)(6) witness, Mr. Heijman testified that his knowledge of the transaction comes from a conversation he had with Mr. Vogas after this suit was filed. *See,* Exhibit 1, Heijman Deposition at p. 80:6-23.

Rule 56(c)(4) explicitly requires affidavits or declarations be made on personal knowledge. In *Aronson v. Peoples Natural Gas Co.*, 180 F.3d 558, 564 n.2 (3rd Cir. 1999), the Third Circuit held that an affiant or declarant could not acquire personal knowledge of facts through conversations with other people. Furthermore, affidavits or declarations cannot be based on information or belief. *See*, *Hicks v. Baines*, 593 F.3d 159, 167 (2nd Cir. 2010). In his declaration, Mr. Heijman does not state that he has personal knowledge of the facts contained therein. Rather he states that he is merely "familiar with World Fuel Services Trading, DMCC, its practices, and facts of this case." D.E. #48-2, p. 1. Familiarity is not the same as personal knowledge. Accordingly, Mr. Heijman's declaration should be stricken in its entirety because he lacks the personal knowledge necessary to testify about the new facts he avers.

## CONCLUSION

For the foregoing reasons, Prince respectfully requests that this Court grants its motion and enter an order striking the declaration of Jos Heijman.

This 5th day of March, 2014.

                                M/V HEBEI SHIJIAZHUANG and
                                HEBEI PRINCE SHIPPING CO., LTD.

                                */s/ Steven M. Stancliff*
                                James L. Chapman, IV, VSB #21983
                                Steven M. Stancliff, VSB # 73853
                                *Attorneys for Defendant and Claimant*
                                CRENSHAW, WARE & MARTIN P.L.C.

                    150 W. Main Street, Suite 1500
                    Norfolk, Virginia 23510
                    Telephone: (757) 623-3000
                    Facsimile: (757) 623-5735
                    jchapman@cwm-law.com
                    sstancliff@cwm-law.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 5th day of March, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send notification of such filing (NEF) to the following:

                    Mark T. Coberly, Esquire
                    Dustin M. Paul, Esquire
                    VANDEVENTER BLACK, LLC
                    500 World Trade Center
                    101 West Main Street
                    Norfolk, Virginia 23510
                    mcoberly@vanblk.com
                    dpaul@vanblk.com
                    *Counsel for Plaintiff*

                      */s/ Steven M. Stancliff*
                  James L. Chapman, IV, VSB #21983
                  Steven M. Stancliff, VSB # 73853
                  *Attorneys for Defendant and Claimant*
                  CRENSHAW, WARE & MARTIN P.L.C.
                  150 W. Main Street, Suite 1500
                  Norfolk, Virginia 23510
                  Telephone: (757) 623-3000
                  Facsimile: (757) 623-5735
                  jchapman@cwm-law.com
                  sstancliff@cwm-law.com